# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| TONY HILDEBRAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-cv-1233 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| WARDEN RICARDO RIOS, | ) |
| ASSISTANT WARDEN TAMMY | ) |
| JONES, DR. SCOTT MOATS, | ) |
| ASSISTANT HEALTH SERVICES | ) |
| ADMINISTRATOR DAVID | ) |
| DILTELMAN, and HEALTH | ) |
| SERVICES ADMINISTRATOR | ) |
| FREDDY GARRIDO, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Freddy Garrido's Motion to Dismiss (d/e 23) (Motion). For the reasons set forth below, this Court recommends that Motion should be ALLOWED in part. The claims against Garrido should be dismissed for lack of personal jurisdiction, and the request to dismiss for improper venue should be denied as moot.

## STATEMENT OF FACTS

Plaintiff Tony Hildebrand alleges that on April 22, 2011, he injured his left knee while in federal custody awaiting sentencing and designation to a correctional facility. On June 23, 2011, an orthopedic surgeon evaluated his knee and recommended surgery. On July 6, 2011, Hildebrand was transferred to the Federal Correctional Institution in Pekin, Illinois (FCI Pekin) operated by the Federal Bureau of Prisons (BOP). Hildebrand stayed at FCI Pekin until January 12, 2012. Hildebrand alleges that the individual defendants who worked at FCI Pekin were deliberately indifferent toward his knee injury and refused to provide him with the recommended surgery.

On January 12, 2012, Hildebrand was transferred to Federal Medical Center in Lexington, Kentucky (FMC Lexington), also operated by the BOP. Defendant Garrido was the Health Services Administrator at FMC Lexington. Upon Hildebrand's arrival at FMC Lexington, Garrido "was responsible for obtaining the necessary medical treatment for Plaintiff." Complaint (d/e 1), ¶ 38. Hildebrand alleges, "Defendant Health Services Administrator Freddy Garrido was aware that Plaintiff was transferred to their facility due to his knee injury and the need for surgery." Id., ¶ 39.

On June 12, 2012, the surgeons at FMC Lexington operated on Hildebrand's knee. Hildebrand alleges that the defendants waited too long to perform the necessary surgery, and as a result, the surgery was not successful and the damage to his knee is now irreparable. Id., ¶¶42-48.

Hildebrand brings a claim against Garrido and the other individual defendants for deliberate indifference to his serious medical condition in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Hildebrand brings these claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Complaint, Count I. Hildebrand also brings claims against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Id., Counts II and III.

Hildebrand alleges that Garrido "is and was at all times mentioned in this complaint a citizen of Illinois and an employee [at FMC Lexington]." Id., ¶ 10. Hildebrand alleges that the other individual defendants are citizens of Illinois and are employed at FCI Pekin. Id., ¶¶ 6-9.

Garrido moves to dismiss for lack of personal jurisdiction and for improper venue. Fed. R. Civ. P. 12(b)(2) and 12(b)(3). Garrido submits a declaration in which he declares that he is a citizen of Kentucky, works at FMC Lexington, and has no connection to Illinois, "I have no connection

with the state of Illinois. I do not own any real or personal property within Illinois. I do not, nor have I ever, worked or resided in the State of Illinois." Memorandum in Support of Defendant Garrido's Motion to Dismiss (d/e 24), attached Declaration of Freddy Garrido, ¶ 4.

## ANALYSIS

Garrido moves to dismiss for lack of personal jurisdiction. Once Garrido makes this motion, Hildebrand bears the burden to establish that personal jurisdiction exists. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003). The Court may consider matters outside the pleadings to determine whether personal jurisdiction exists. Nelson by Carson v. Park Industries, Inc., 717 F.2d 1120, 1123 (7th Cir. 1983).

This Court's personal jurisdiction in this case is limited to the personal jurisdiction of the courts of the state in which this Court sits, Illinois. Fed. R. Civ. P. 4(k)(1)(A); see Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 107 (1987). Under Illinois law, Illinois courts "may . . . exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). No operative difference exists between the Illinois and United States Constitution with respect to the limits of personal jurisdiction. Thus,

the limits on this Court's personal jurisdiction are governed by federal due process principles. See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010).

Due process limits this Court's jurisdiction to parties who can reasonably foresee, as a result of their own actions, that they could be haled into this Court. A defendant must purposefully establish some minimum contacts with the forum state to make personal jurisdiction reasonably foreseeable, "[T]here must be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The Supreme Court later explained, "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' fortuitous,' or attenuated contacts, or of the 'unilateral activities of another party or third person.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (internal citations and footnote omitted).

Personal jurisdiction can be general or specific. General personal jurisdiction means that a person can be sued in the forum based on any transaction that occurred anywhere. General personal jurisdiction exists

over a defendant who has such "continuous and systematic contacts" with a forum state that he is "constructively present . . . to such a degree that it would be fundamentally fair" to subject the person to the forum's jurisdiction for resolution of any claim. Purdue Research Fund, 338 F.3d at 787. Specific personal jurisdiction exists when the plaintiff's claim arises out of or is related to the defendant's purposeful contacts with the forum state. In such situation, the defendant's contacts with the forum make it reasonably foreseeable that the defendant could be haled into the forum's courts to answer for his actions. See RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997).

     Under these principles, Hildebrand has failed to establish that this Court has either general or specific personal jurisdiction over Garrido. Hildebrand alleges that Garrido is a citizen of Illinois, but Garrido states in his declaration that he is a citizen of Kentucky, has no connection to Illinois. Garrido states that he has never lived in Illinois, never worked in Illinois, and does not own any property in Illinois. Hildebrand does not dispute this evidence and does not present any other evidence that Garrido has engaged in any other type of continuous and systematic contacts with Illinois. Therefore, Hildebrand does not attempt to establish that Garrido is subject to this Court's general personal jurisdiction.

Hildebrand also fails to establish specific jurisdiction. Hildebrand does not allege that Garrido performed any wrongful act in Illinois or connected to the State of Illinois. Hildebrand alleges that the BOP transferred Hildebrand to FMC Lexington in Kentucky, and only then did Garrido become responsible for securing medical treatment for Hildebrand. Hildebrand concedes this point in his memorandum, "Plaintiff's claims against Defendant Garrido arise out of his handling of Plaintiff's medical condition once he was transferred to the Federal Medical Center at Lexington for the purpose of obtaining the previously diagnosed knee surgery." Plaintiff's Response in Opposition to Defendant Garrido's Motion to Dismiss (d/e 29) (Hildebrand Memorandum), at 6. Garrido had no involvement in any of the alleged activity in Illinois. Hildebrand fails to establish that Garrido purposely availed himself of the privilege of conducting activities in Illinois or connected to Illinois. He fails to allege a basis for personal jurisdiction.

The case is remarkably similar to the facts in Kinslow v. Pullara, 538 F.3d 687 (7th Cir. 2008). In that case, the plaintiff was incarcerated in the custody of the New Mexico Department of Corrections (NMDC) and then transferred to the custody of the Illinois Department of Corrections (IDOC). The plaintiff alleged that he was denied adequate medical treatment by

defendants who worked for NMDC and by other defendants who worked for IDOC. The plaintiff brought suit in Illinois. The defendants who worked for NMDC were properly dismissed from the action because the plaintiff failed to present evidence that any of these defendants purposely availed himself of the privilege of conducting activities in Illinois. Id., at 692-93. Hildebrand has similarly failed to present any evidence that Garrido engaged in any activity that would subject him to the personal jurisdiction of Illinois courts.

Hildebrand argues that it was foreseeable to Garrido that he would be sued in Illinois because Garrido's alleged conduct was a continuation of the alleged tortious conduct that occurred in Illinois. See Hildebrand Memorandum, at 5. Foreseeability alone is not sufficient, "Instead, 'the foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" Burger King Corp., 471 U.S. at 474 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 286, 295 (1980). Garrido's alleged conduct only occurred in Kentucky and only related to Hildebrand's medical treatment in Kentucky. Hildebrand does not allege that Garrido did anything in Illinois or connected to Illinois.

Hildebrand cites three cases in which the forum state had personal jurisdiction over a defendant who did not physically enter the forum state. In each case, however, the defendant purposely engaged in activity that was connected with the forum state and directed at individuals in the forum state.  In <u>Harley v. Harley G. Lappin</u>, 2008 WL 4889965, at *4 (S.D. Ill., December 16, 2009), Illinois courts had personal jurisdiction over BOP administrators located in Kansas City and Washington D.C., who allegedly violated the rights of the plaintiff, a federal prisoner located in Illinois. The Kansas City and D.C. administrators allegedly mishandled the prisoner's grievance regarding his medical treatment at the facility in Illinois where he was incarcerated. In <u>Calder v. Jones</u>, 465 U.S. 783, 788-89 (1983), California courts had personal jurisdiction over a Florida journalist and editor who wrote and edited for publication and distribution in California an alleged defamatory article about a California citizen, which article was based on information secured from sources in California. In <u>Kennedy v. Freeman</u>, 919 F.2d 126, 129-30 (10th Cir. 1990), Oklahoma courts had personal jurisdiction over a Texas physician who received a tissue sample from an Oklahoma physician taken from an Oklahoma patient. The Texas physician examined the sample, and communicated his alleged negligently

erroneous diagnosis regarding the sample to the requesting Oklahoma physician.

In each of these three cases, the defendant purposely engaged in wrongful activity connected to the forum state.  In <u>Harley</u>, the defendants handled a grievance filed by an Illinois resident about his treatment in Illinois.  In <u>Calder</u>, the defendants collected information from California sources, wrote an article about a California resident for publication and distribution in California.  In <u>Kennedy</u>, the defendant received a sample taken from an Oklahoma resident, made a diagnosis about the sample, and transmitted the diagnosis to a physician in Oklahoma.  Hildebrand does not allege that Garrido engaged in any such activity.  All of Garrido's actions occurred in Kentucky after the BOP transferred Hildebrand to Kentucky.  Hildebrand makes no allegation that Garrido had any involvement in Hildebrand's treatment while Hildebrand was in Illinois.  Therefore, these cases do not apply.  Hildebrand fails to establish that this Court has personal jurisdiction over Garrido.

Hildebrand finally argues that the interests of justice require trying this case in one forum, here in the Central District of Illinois.  The interests of justice require honoring Defendant Garrido's constitutional right to due

process. Due process does not allow this Court to exercise personal jurisdiction over Defendant Garrido under these circumstances. If Hildebrand wishes to try these claims in a single trial, he must first bring an action against Garrido in a court that can properly exercise personal jurisdiction over Garrido, and then present his argument for consolidation of the cases in the interests of justice. The current claims against Garrido set forth in the Complaint should be dismissed for lack of personal jurisdiction. Dismissing the action for lack of personal jurisdiction renders Garrido's challenge to venue moot.

WHEREFORE the Court recommends that Defendant Freddy Garrido's Motion to Dismiss (d/e 23) should be ALLOWED in part. The claims against Defendant Garrido should be dismissed without prejudice for lack of personal jurisdiction. The request to dismiss for improper venue should be denied as moot.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection

will constitute a waiver of objections on appeal.  See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.


ENTER:  September 23, 2013

                                                    *s/ Byron G. Cudmore*
                                  UNITED STATES MAGISTRATE JUDGE